■ Odette Realty Company, Appellant, v Lisa T. Tremblay et al., Respondents. [610 NYS2d 519] —Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman,

J.), entered March 18, 1993 dismissing the summary proceeding, unanimously affirmed, without costs or disbursements.

Respondents Lisa Tremblay and Christopher Murray are the holders of a lease, executed by M. Rabina in behalf of 251 West 92nd Corp. as landlord on January 6, 1992, for apartment 9C at 251 West 92nd Street, naming each of them as tenants. The apartment is rent stabilized and the lease registered with the Division of Housing and Community Renewal (DHCR). The lease was executed before the issuance of an order precluding 251 West 92nd Corp. from entering into leases with other prospective tenants for apartments in the premises without the consent of Paul Bogoni, who had commenced a separate action against Claire Friedlander, Maidad Rabina and others in the Supreme Court, New York County, attempting to establish his interest in the partnership, Odette Realty Company. *(Bogoni v Friedlander,* index No. 20499/86.) One of Odette's assets, at least until May 24, 1988, was the apartment building at 251 West 92nd Street. Bogoni and Friedlander had executed a joint venture agreement on February 21, 1985 reciting that they owned the 251 West 92nd Street premises " 'as tenants in common (Friedlander owns 45%, Bogoni owns 55%)' " and that they will " 'use their best efforts in co-operating with each other to expedite the conversion of the premises to co-op ownership.' " *(Bogoni v Friedlander,* 197 AD2d 281, 284 [decided herewith].) The relationship between Bogoni and Friedlander deteriorated and, on April 18, 1988, Friedlander executed a contract on behalf of Odette to sell the premises to Rabina. *(Supra,* at 285.) The sale was consummated on May 24, 1988 and title taken in the name of 251 West 92nd Corp. After a trial of the Bogoni matter, the sale was voided and Odette directed, by judgment entered on or about October 30, 1992, to convey title to the premises to Bogoni and Friedlander as tenants in common. Odette thereafter, on the basis of that judgment, commenced this summary proceeding against the Murrays seeking their eviction and a declaration of nullity with respect to any lease they might have. The IAS Court dismissed the proceeding without prejudice to the commencement of a plenary action, finding, *inter alia,* the Murrays' lease to be valid on its face and that a summary proceeding was not the proper forum to entertain a request to set aside the same.

While the issue is not raised, the IAS Court should have converted the summary proceeding into a plenary action pursuant to CPLR 103 (c), deeming the petition a complaint and the Murrays' answering affidavits a joint answer. While

the IAS Court never reached the merits of Odette's claim, i.e., that 251 West 92nd Corp. lacked the authority to execute a lease, the premise for that argument is no longer viable. On appeal from the judgment in *Bogoni v Friedlander,* this Court has reversed the judgment voiding Odette's transfer of title to 251 West 92nd Corp. and declared the premises the property of 251 West 92nd Corp. (197 AD2d 281, *supra).* In so determining, we held that Friedlander had the authority, actual and apparent, to convey title in behalf of Odette to 251 West 92nd Corp. Thus, Odette did not have standing to commence this proceeding and the petition should be dismissed. Concur— Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.